**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JOSEPH ROBERT COX, d.b.a. JOEKEN FIREARMS,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF THE TREASURY; BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES [A.T.F.], an Agency thereof; ALCOHOL AND TOBACCO TAX AND TRADE BUREAU [A.T.T.T.], an Agency thereof; R.A. ["RAY"] FRIEND, a Special Agent therein [A.T.F.]; HEIDI PETERSON, a Special Agent therein [A.T.F.]; JAMES D. JEWELL, an Investigator therein [A.T.T.T.]; TIM FOSTER, an Excise Tax Auditor therein [A.T.T.T.]; TWENTY UNKNOWN AGENTS [A.T.F. & A.T.T.T.]<br><br>            Defendants. | No. CV 07-1200-PHX-SMM<br><br>**ORDER** |

Currently pending before the Court is Plaintiff Joseph Cox's ("Cox") Motion to Alter Judgment (Doc. 23), filed pursuant to Fed.R.Civ.P. 59(e). Cox requests that the Court alter the Court's February 19, 2008 Order dismissing Petitioner's Rule 41 (g) Motion for Return of Seized Property. The motion is fully briefed and ripe for determination.

///

**Relevant Background**[1]

On February 19, 2008, the Court ruled that, based on the fully briefed petition and corresponding evidence before the Court, Cox failed to establish that this Court had equitable jurisdiction to decide the merits of Plaintiff's petition. The Court found that Plaintiff had failed to satisfy the prerequisites set forth in *Ramsden v. U.S.*, 2 F.3d 322, 324 (9th Cir.1993), that must be satisfied before the Court may invoke its equitable jurisdiction. In particular, Plaintiff failed to establish that the government exhibited callous disregard for his constitutional rights, that he failed to establish a specific need for the original documents, and that he failed to establish that he will suffer irreparable harm if the seized property is not returned. Consequently, without satisfying the mandates of *Ramsden*, and thus failing to establish the Court's equitable jurisdiction, the Court was unable to decide the merits of the petition for return of property filed by Plaintiff. *Ramsden*, 2 F.3d at 324. On February 29, 2008, in response to the Court's ruling, Plaintiff filed the instant motion.[2]

**Standard of Review**

Rule 59(e) permits a district court to reconsider and amend a previous order; however, the rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., supra § 59.30[4]. It is well established in the Ninth Circuit that, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners*, 179 F.3d at 665. *See also School Dist. No. 1J v. AC and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Moreover, a Rule 59(e) motion may not

---

[1] Contrary to the assertion of Plaintiff, the Court took nothing at face value, instead, it based its decision on the documents before it and binding legal authority.

[2] Rule 59(e) provides that a motion to alter a judgment must be filed no later than 10 days after the entry of the judgment. Plaintiff satisfied this requirement by filing the motion on February 29, 2008.

- 2 -

be used to raise new arguments or present evidence for the first time when such arguments and or evidence could reasonably have been raised earlier in the litigation. *See id.*

### **Discussion**

In contemplation of Rule 59(e), Plaintiff contends that the Court "clearly erred when it denied him the right to present evidence and testimony on contested issues of material fact by ruling on the pleadings, in lieu of conducting an evidentiary hearing on this matter." Plaintiff then proceeds to set forth, like a roadmap, his arguments which he previously set forth in his original petition. Plaintiff is essentially rearguing that he *is* able to establish, with evidence and testimony, that the Court has equitable jurisdiction. In particular, Cox steadfastly maintains that agents of the government exhibited a callous disregard for his constitutional rights during the execution of the warrants resulting in prejudice to Plaintiff. This Court disagrees, just as it did in its previous Order. *See* Doc. 21. Furthermore, the Court notes that Plaintiff briefly addressed the remaining factors necessary to establish equitable jurisdiction; however, again, the arguments simply reiterate arguments previously considered by this Court. According to Rule 59(e), it is manifestly clear that this Court is strictly prohibited from reconsidering arguments previously made by a party, absent clear error. Fed.R.Civ.P. 59(e). The Court finds that Plaintiff failed to establish that the Court clearly erred in its previous findings.

The power to assert equitable jurisdiction is not meant to be applied liberally, rather, it "should be exercised sparingly," *Guerra v. United States*, 645 F. Supp. 775, 778 (C.D. 1986), and only with "caution and restraint." *Ramsden*, 2 F.3d at 324; Meier, 531 F.2d at 554. This is precisely how the Court exercised its power, and Plaintiff has offered no evidence to suggest otherwise.

### **Conclusion**

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Rule 59(e) Motion to Alter Judgment (Doc. 23).

**IT IS FURTHER ORDERED** that this case is to remain closed.

DATED this 6th day of May, 2008.

Stephen M. McNamee
United States District Judge

- 4 -